UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-100-HRW

DAWN G. CHURCH,                                                    PLAINTIFF,

v.                       MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for a disability insurance benefits and supplemental security income benefits on June 18, 1998, alleging disability beginning on July 15, 1996, due to hidrandentitis. This application was denied initially and on reconsideration.

1

On October 26, 1999, an administrative hearing was conducted, wherein Plaintiff and Julie Morrissey, a vocational expert, testified (Tr. 321-334 and Tr. 334-337), culminating in a decision dated May 19, 2000. By order dated May 1, 2003, the Appeals Council reversed the administrative decision and remanded the matter. A supplemental hearing was convened on December 15, 2003 by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 341-346). At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 346-348).

At the supplemental hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 3, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 18-23). Plaintiff was 51 years old at the time of the hearing decision. She has a high school education. Her past relevant work experience consists of work as an office clerk and data entry clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 22). The ALJ then determined, at Step 2, that Plaintiff suffered from hidrandentitis suppurativa, which he found to be "severe" within the meaning of the Regulations (Tr. 23). At Step 3, the ALJ found that Plaintiff's impairment did not meet or medically equal any of the listed impairments (Tr. 21, 23). The ALJ further found that Plaintiff is able to perform her past relevant work (Tr. 23). The ALJ further found that the Plaintiff has the residual functional capacity ("RFC") to perform heavy level work, with the caveat that she needs to miss one work day per month due to flare ups of hidrandentitis suppurativa (Tr. 23). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 6, 2005 (Tr. 9-12).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 5 and 8] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to find that Plaintiff's impairment met or medically equaled Listing 8.06; (2) the ALJ did not properly consider the opinion of Dr. Gold ; (3) the ALJ erred in evaluating Plaintiff's credibility and (4) the ALJ improperly concluded that Plaintiff can perform her past relevant work.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to find that Plaintiff's impairment met or medically equaled Listing 8.06.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404,

5

subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 8.06 provides:

> *Hidrandentitis suppurativa*, with extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist for at least 3 months despite continuing treatment as prescribed.

C.F.R. Pt. 404, Subpt. P., App. 1, § 8.06.

6

In support of her claim of presumptive disability under Listing 8.06, Plaintiff merely reiterates the language of the listing. However, as correctly stated by the Defendant, "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" Id. Clearly, Plaintiff has not carried her burden in demonstrating how the evidence satisfies the elements of Listing 8.06.

Further, the record simply does not support a finding of the severity required by Listing 8.06. Nor is there evidence that Plaintiff's condition does not respond to treatment, as contemplated by the listing.

Based upon the record, the Court finds that the Plaintiff has not met her burden of presenting specific medical findings that satisfy Listing 8.06. To the contrary, the Court finds that the ALJ's conclusion that Plaintiff does not meet the listing is based upon substantial evidence.

Plaintiff's second claim of error is that the ALJ did not properly consider the opinion of Dr. Michael Gold, a expert in the field of dermatology and dermatologic surgery, who reviewed Plaintiff's medical file following the hearing in this matter. Again, Plaintiff's argument is unclear. She seems to suggest that Dr. Gold did not

respond to the questions submitted to him. The record shows that following Dr. Gold's initial report, by letter dated July 14, 2004, Plaintiff's counsel submitted additional questions to him. The ALJ forwarded the same to Dr. Gold (Tr. 273), who, in turn responded (Tr. 276). The ALJ's decision specifically refers not only to Dr. Gold's initial report, but to his response to Plaintiff's additional interrogatories (Tr. 20). In November 2004, Plaintiff's counsel sent a letter to the ALJ, challenging Dr. Gold's opinion (Tr. 211). Plaintiff's counsel seems to imply that Dr. Gold, a medical expert, makes the determination of disability. This premise is patently false. It is within the province of the ALJ to make the legal determination of disability. *See, e.g., King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Having reviewed the record, the Court finds no error in the ALJ's treatment of Dr. Gold's opinion.

 Plaintiff also contends that the ALJ erred in evaluating her credibility. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in

the record.

In this case, the ALJ found Plaintiff's credibility to be "only fair" with regarding to her subjective allegations (Tr. 21). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster, particularly with regard to the alleged frequency and degree of her limitation. Although Plaintff testified that she is unable to move, wear clothing and is continually in pain, the medical evidence shows that her symptoms are controlled with over the counter medication and antibiotics. Further, Plaintff admitted that she worked for several years with her condition (Tr. 344-345). Finally, the ALJ found that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). In this case, the record reveals that Plaintff engages in a variety of daily activities, such as driving, knitting, working in the garden and visiting relatives and neighbors (Tr. 63). Indeed, in her June 1998 application, Plaintiff stated that the only restriction

9

on her activity advised by a physician was to not do any activities which would cause sweating (Tr. 63).   The Court finds that the lack of supporting medical evidence and Plaintiff's level of activity undermine her allegations of disabling physical limitations and the ALJ did not err in concluding that her allegations were not entirely credible.

Finally, Plaintiff maintains that the ALJ improperly concluded that Plaintiff can perform her past relevant work.

In this case, the VE testified that, given Plaintiff's RFC, she would be able to perform the requirements of his past work as an office clerk and date entry clerk (Tr. 346-347).  Indeed, Plaintiff's past relevant work would be deemed "sedentary" work which would necessarily be included in the RFC of heavy work.

Again, the Court is mindful of the fact that the burden of proof lies with the claimant at steps one through four of the sequential disability benefits analysis. Yet Plaintff has offered no evidence that she cannot perform her past relevant work. As such, the Court finds her argument to be without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 22, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge